UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN LABORERS' HEALTH CARE )
FUND, TRUSTEES OF, )
MICHIGAN LABORERS' VACATION FUND, )
TRUSTEES OF, )
MICHIGAN LABORERS' PENSION FUND, )
TRUSTEES OF, )
MICHIGAN LABORERS' TRAINING FUND, )
TRUSTEES OF, )
MICHIGAN LABORERS'-EMPLOYERS' ) No. 1:11-cv-00258
COOPERATION AND EDUCATION TRUST )
FUND, TRUSTEES OF, and ) HONORABLE PAUL L. MALONEY
MICHIGAN LABORERS' ANNUITY FUND, )
TRUSTEES OF, )
           Plaintiffs, )
)
-v- )
)
ACCURATE SAWING & DRILLING INC., )
DOUGLAS JACKSON, and )
ANN MARIE JACKSON, )
           Defendants. )
_____)

**OPINION AND ORDER**
**OVERRULING DEFENDANT'S OBJECTIONS TO GARNISHMENTS**
**AND DENYING MOTION TO STAY PENDING APPEAL**

On August 31, 2012, this court granted summary judgment to Plaintiffs, six different multi-employer fringe benefit funds, in their suit against Defendant Accurate Sawing & Drilling ("Accurate") and its two owners for payments that they failed to make to the funds. The court entered judgment against Defendants for $108,319.97 in benefit contributions, $66,217.22 in attorney's fees, and $2,184.91 in costs. (ECF Nos. 66–67, 76.) Plaintiffs then filed a number of requests for writ of garnishment in an attempt to collect the court's award. Before the court today

are objections to garnishment filed by Defendant Douglas Jackson *pro se*[1] (ECF Nos. 454, 465, 468), as well as a motion to stay pending appeal raised by Mr. Jackson in the first objection (ECF No. 454).

Initially, the court notes that though these objections and motion purport to speak for all Defendants, they were signed by Defendant Douglas Jackson only. A *pro se* litigant may not represent a corporation. *See Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970). Nor can Mr. Jackson claim to represent Defendant Ann Marie Jackson. *See, e.g.*, *Muhammad v. Mich. Dep't of Hum. Servs.*, No. 11-cv-12370, 2012 WL 314002, *5 (E.D. Mich. Jan. 6, 2012) ("[28 U.S.C. § 1654] does not allow an unlicensed party to represent his children."). Thus, the court will treat these objections and motion as made on behalf of Mr. Jackson alone.

Michigan law governs Plaintiffs' attempts at post-judgment execution. *See* Fed. R. Civ. P. 64, 69. In particular, Plaintiffs point to Rule 3.101 of the Michigan Court Rules, which governs "garnishment after judgment." According to Rule 3.101(K)(2), objections to garnishment must claim one of six grounds:

> (a) the funds or property are exempt from garnishment by law;
>
> (b) garnishment is precluded by the pendency of bankruptcy proceedings;
>
> (c) garnishment is barred by an installment payment order;
>
> (d) garnishment is precluded because the maximum amount permitted by law is being withheld pursuant to a higher priority garnishment or order;
>
> (e) the judgment has been paid;

---

[1]Shortly after receiving the adverse judgment, Defendants' counsel notified the court that they had not been retained for further legal work and removed themselves from the case. (*See* ECF No. 75.)

2

(f) the garnishment was not properly issued or is otherwise invalid.

*Id.*

Mr. Jackson does not object on any of the grounds set out in Rule 3.101(K). Instead, he only argues that the garnishments "interfere with our right to due process in the pending appeal process by overstraining limited resources not only financial but the time involved in preparing for the pending appeal." (ECF No. 454.) For this reason, the court must reject Mr. Jackson's objections. *See, e.g.*, *Sys. & Servs. Tech. v. Dabringhaus*, No. 303320, 2012 WL 1415896, *2 (Mich. Ct. App. Apr. 24, 2012) (unpublished) (rejecting objection "because it was not based on any of the listed grounds").

In determining whether a stay should be granted pending appeal, the courts are to weigh the same factors as are considered for preliminary injunctions. *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These four factors are: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Id.* Mr. Jackson's motion can be read to address factors one and two. He argues that the garnishments impose a great hardship on his ability to prepare their appeal, which he believes will be successful.

The court disagrees with Mr. Jackson's evaluation of his appeal's likelihood of success. Defendants' case on summary judgment was not strong, and Mr. Jackson gives this court no reason to question its earlier decision. Further, Mr. Jackson fails to explain why these garnishments would cause the hardship he claims, or to point out any particular circumstances that would make them more harmful to him than to the typical unsuccessful defendant. But even assuming that the effect

of this hardship on Mr. Jackson's appeal constitutes irreparable harm for present purposes, the court does not find the circumstances here favor a stay. Mr. Jackson presents no argument that a stay is necessary to protect the rights of third parties or the public at large, and this court sees no such argument. Defendants have had sufficient opportunity to make their arguments before this court. They did so, and they lost. Based on the facts and arguments before it, the court declines to further delay Plaintiffs' recovery.

Finally, in their response to Mr. Jackson's objections, Plaintiffs ask for attorney's fees of $2,000, either for the costs of their collection efforts, per the ERISA statute, 29 U.S.C. § 1132(g)(2)(D), or because the objections "unreasonably and vexatiously" multiply the proceedings under 28 U.S.C. § 1927. The court declines to award fees here. Mr. Jackson's objections are not unreasonable or vexatious, particularly given that he is now representing himself in this action. In support of their claim, Plaintiffs point out that Mr. Jackson has objected to each garnishment. While this is true, the court does not see the significance of this fact. Mr. Jackson objected in as few filings as possible, given Plaintiffs' numerous garnishment requests, and his objections are general, rather than specific to each garnishment. It should not have taken Plaintiffs any more time to respond to Mr. Jackson's objections than it would have taken them to respond to a single objection. Further, Plaintiffs claim that they have been forced to spend "considerable time and resources" to respond to Mr. Jackson's objections. Though the court appreciates counsel's clear and well-supported response brief, the issues involved here are not particularly complex, and the court is not convinced that $2,000 constitutes a reasonable fee for this work. The court therefore declines to award attorney's fees regarding Defendant Jackson's objections and motion for stay.

**ORDER**

For the reasons discussed herein, Defendant Douglas Jackson's objections to garnishment (ECF Nos. 454, 465, 468) are **OVERRULED**, and his motion to stay pending appeal (ECF No. 454) is hereby **DENIED**.

**IT IS SO ORDERED.**

Date:  December 17, 2012          /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  Chief United States District Judge